**Walter BALES et al., Appellants**
**(Plaintiffs below),**

v.

**Elmer ANKNEY et al., Appellees**
**(Defendants below),**

**and**

**Earl Lloyd et al., (Defendants below).**

**No. 3138.**

Supreme Court of Wyoming.

June 7, 1963.

W. J. Wehrli, Casper, and William J. Kirven, Buffalo, for appellant.

Alfred M. Pence, Laramie, and James A. Greenwood, Cheyenne, for appellees.

Before PARKER, C. J., and HARNS-BERGER, GRAY, and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

According to the complaint filed June 30, 1961:

Certain of the plaintiffs, known as Peralta Appropriators, owned lands with appurtenant water rights, the source of supply being a tributary of the East Fork of Big Goose Creek, the lands being served by The Peralta Ditch Company. Certain others, known as the Last Chance Appropriators, owned lands and appropriative water rights from the same source, served by the Last Chance Ditch Company. The Big Goose and Beaver Appropriators were the owners of lands and water rights appurtenant thereto irrigated from the East Fork of the Big Goose Creek under rights prior in adjudication to those of plaintiffs, their total adjudication covering 102.99 cubic feet of water per second of time and approximately 7,198 acres. In 1896, Judge Metz issued a district court order in certain combined cases wherein it was decreed that the Big Goose and Beaver Ditch Company had the right to use 55¾ cubic feet of water per second of time, restrained the Peralta company (and another not here a party) from diverting any water until this amount had been given to the Big Goose and Beaver Ditch Company, ordered certain measurements in the creek, and provided that the order insofar as it regulated headgates should not become effective until the measurements had been taken and a report made. Through the intercession of one or more of the defendants, an opinion was rendered by the assistant attorney general of the State to the state engineer under date of July 13, 1959, to the effect that the state engineer should not give any recognition to the Metz order, and the water officials threatened to permit and at

times permitted the diversion of more than 55.75 cubic feet of water per second of time for the use of the Big Goose and Beaver Appropriators, who have not at any time irrigated more than 3,902.50 acres, which can be adequately served and a full supply of water provided therefor by 55.75 cubic feet of water per second of time. The amount of water now available for plaintiffs is inadequate to fully supply their needs.

Plaintiffs prayed for a determination that the Big Goose and Beaver Appropriators not be entitled to divert more than 55.75 cubic feet of water per second of time and that they should be perpetually enjoined and restrained from diverting more.

The state engineer, water superintendent, water commissioner, and hydrographer, were made parties defendant but were not specifically mentioned in the orders of the court and do not appear in this appeal.

On August 30, 1961, certain of defendants filed a motion to dismiss under the provisions of Rule 12(b) (6), W.R.C.P., on the ground that the complaint failed to state a claim upon which relief could be granted. Accompanying the motion were three affidavits: One of Arthur S. Hansen that he had been a stockholder for twelve years and president and manager of the Big Goose and Beaver Ditch Company for three years last past and that during all of such time the water for the land irrigated under the ditch had not been controlled under the provisions of the Metz 1896 order. The second, Tom Ewoldsen's, stated that he had been a stockholder in the Big Goose and Beaver Ditch Company for forty years, that during that time the water had not been controlled under the Metz order but had been distributed to each appropriator in proportion to his share of 101.37 cubic feet of water. The third affidavit was by Ethel Brockman, stating that she was the district court clerk of Sheridan County, had in her possession the Metz order, had searched her files, and found no report of measurement as required by such order.

On September 22 the court set the motion for hearing on September 29; and although the hearing was unreported, it is conceded by the parties that defendants argued the motion as one for summary judgment; and the court at the conclusion of the hearing announced that such motion would be granted. Shortly thereafter defense counsel, observing that various of defendants had not been named in the motion, sought by telephonic conversation and proffered stipulation to have the omitted defendants included in the motion by interlineation, but plaintiffs' counsel did not permit this and instead caused the clerk of the district court to enter default against the omitted defendants. Thereafter defense counsel moved to set aside the default and the matter was set for hearing on March 26, 1962, at which time plaintiffs proffered the affidavits of Hilman, Jackson, and Wood, each stating that he had been a water official during certain years prior to the suit and had regulated the water received by defendants so that it totaled only 55.75 cubic feet of water per second of time. Following the hearing the court set aside the default and entered summary judgment in favor of defendants and against plaintiffs from which the appeal here is taken.

■ An analysis of the complaint shows it to have been based upon the 1896 order of Judge Metz. That order, which provided on its face that it would take effect when the measurements had been taken and a report made was shown to be ineffective by the uncontroverted affidavit of the district court clerk. Plaintiffs apparently recognize this deficiency and have presented no serious argument to meet it, contending instead that the ultimate basis of relief was found in their allegation: "The amount of land which has been irrigated by all of the appropriators under the Big Goose and Beaver appropriation of August 29, 1885, has not at any time exceeded and does not now exceed 3902.50 acres, and has been and can be adequately served and a full supply of water provided therefor under the statutes of the State of Wyoming by the delivery of 55.75 cubic feet of water per second of time, which is equal to one

cubic foot per second of time for each 70 acres, and said appropriators have not had and do not have any need for, and cannot beneficially use at any time, any amount in excess * * *." Relying upon the provisions of §§ 41–2, 41–63, and 41–181, W.S. 1957, and the cases of Quinn v. John Whitaker Ranch Co., 54 Wyo. 367, 92 P.2d 568; Parshall v. Cowper, 22 Wyo. 385, 143 P. 302; and Ryan v. Tutty, 13 Wyo. 122, 78 P. 661, they insist that they are entitled to relief by way of injunction against the diversion by defendants of more water than the defendant appropriators can beneficially use, i. e., 55.75 cubic feet of water per second of time. Such an allegation was not made as a separate count as provided in Rule 10(b), W.R.C.P., and apparently was not argued to the trial court until the March 1962 hearing. From the face of the record then the claim was based on an instrument which matters outside the pleading disclosed to be of no force, and the court was justified in entering summary judgment. Even if the allegation concerning the failure of defendants to make beneficial use of all the appropriated water could by liberal construction have been considered as a separate count, the complaint would have been subject to dismissal because it contained no statement of a claim showing plaintiffs to be entitled to relief, as relief to them under such philosophy could arise only by reason of the lack of beneficial use of the water by the individuals.

It is seriously maintained that the court erred in considering the motion to dismiss as one for summary judgment without giving plaintiffs a reasonable opportunity to present pertinent material. Although the court could well have indicated in its order setting the matter for hearing the possibility of the motion's being considered as one for summary judgment, it is not readily perceived how this could have affected the result since plaintiffs at no time tried to present material except the statements of persons who sought to show that the ineffective order of Judge Metz had been enforced. Additionally, if plaintiffs had any real objection to the consideration of the motion as one for summary judgment, it should have been registered immediately and made a part of the record.

Judgment affirmed.